## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT MICHIGAN
## SOUTHERN DIVISION

EDNA WHITLEY, as Personal Representative
of the Estate of DANIEL JOSEPH WHITLEY,           CASE NO. 1:21-cv -
Deceased,

                                                  HON.

        Plaintiff,

v.

MICHIGAN DEPARTMENT OF                            ***COMPLAINT AND***
CORRECTIONS, GREGORY SKIPPER,                     ***DEMAND FOR JURY TRIAL***
GEORGE WHITINGER. JAMES LELAND,
AUDRIANNA WILLIAMS, DARNELL
JOHNSON, JEREMY RYKSE, and
CORRECTIONAL OFFICER STOKES,

        Defendants.

---

LAWRENCE R. ROTHSTEIN (P19697)
MICHAEL J. ROTHSTEIN (P70240)
P. DAVID PALMIERE (P26796)
ROTHSTEIN LAW GROUP PLC
Attorneys for Plaintiff
19068 W. Ten Mile Road
Southfield, MI 48075
(248) 355-2048 / (248) 355-2079 *fax*
lrr@rothsteinlawgroup.com
mjr@rothsteinlawgroup.com
dpalmiere@rothsteinlawgroup.com

---

There is no other pending or resolved civil action
arising out of the same transaction or occurrence
as alleged in this Complaint.

        /s/ Michael J. Rothstein
        MICHAEL J. ROTHSTEIN (P70240)

## COMPLAINT AND DEMAND FOR JURY TRIAL

NOW COMES Plaintiff, EDNA WHITLEY as Personal Representative of the Estate of DANIEL JOSEPH WHITLEY, by and through her attorneys, ROTHSTEIN LAW GROUP PLC, and complaining against the above-named Defendants, states as follows:

## JURISDICTION

1. This action arises under 42 U.S.C. § 1983. Jurisdiction is conferred by 28 U.S.C. § 1331, 1343(3), (4).

2. Plaintiff brings suit against each Defendant in both their individual and official capacities.

3. All of the acts by Defendants as set forth herein, were executed by Defendants under the color of law and the pretense of the statutes, ordinances, regulations, laws, customs, and usages of the State of Michigan, and by virtue of and under the authority of Defendants' employment with the State of Michigan. Defendant, MICHIGAN DEPARTMENT OF CORRECTIONS (hereinafter sometimes referred to as "MDOC"), is responsible for, and does in fact, hire, train, supervise, and discipline wardens, deputy wardens, sergeants, assistant resident unit managers and/or resident unit managers, registered nurses and corrections officers of all grades in the performance of their duties.

4. Venue is proper in this District under 28 U.S.C. § 1391 as Defendant MDOC, is subject to this court's personal jurisdiction with respect to the civil action in question.

## PARTIES AND GENERAL ALLEGATIONS

5.     Plaintiff incorporates by reference paragraphs 1 through 4 of her Complaint as if fully set forth hereunder and further states:

6.     Plaintiff, EDNA WHITLEY, is the duly appointed personal representative of the estate of the decedent, DANIEL JOSEPH WHITLEY.

7.      Plaintiff is a resident of the City of Pontiac, County of Oakland, State of Michigan.

8.     At all times relevant herein, Plaintiff's decedent, DANIEL JOSEPH WHITLEY (hereinafter sometimes referred to as "Mr. WHITLEY" and/or "the Decedent"), was a resident of the City of Ionia, County of Ionia, State of Michigan and is entitled to all rights, privileges, and immunities afforded to all citizens of the United States.

9.     Michigan Department of Corrections "MDOC" is a governmental body and/or agency of the State of Michigan, created pursuant to the laws of the State of Michigan, which at all relevant times systematically operates and conducts business within the Eastern District of Michigan. MDOC is charged with the responsibility of running the Michigan Reformatory (hereinafter sometimes referred to as "RMI") in accordance with State and Federal Law, including but not limited to the United States Constitution.

10.     Defendant, Warden GREGORY SKIPPER (hereinafter sometimes referred to as "SKIPPER"), was, at all relevant times, employed by the MDOC as the Warden of RMI and is, upon information and belief, responsible for the operation of RMI, and the supervision, training, discipline, and other functions of RMI's employees, staff and/or

3

agents, and ensuring that Defendants enforced and abided by the policies and regulations of the MDOC, and the State of Michigan, and the United States. In addition, SKIPPER's duties and responsibilities include the development and implementation of policies and procedures for the operation and management of RMI and its employees. He is further responsible for the care, custody and protection of individuals including Mr. WHITLEY.

11.     Defendant, Lt. GEORGE WHITINGER (hereinafter sometimes referred to as "WHITINGER"), was, at all relevant times, employed by the MDOC as a lieutenant at RMI and was therefore responsible for ensuring that Defendants enforced and abided by the policies and regulations of the MDOC, the State of Michigan, and the United States. In addition, WHITINGER's duties and responsibilities include the development and implementation of policies and procedures for the operation and management of RMI and its employees. He is further responsible for the care, custody and protection of individuals including Mr. WHITLEY, and protecting them from unlawful treatment.

12.     Defendant, JAMES LELAND (hereinafter sometimes referred to as "LELAND"), was, at all relevant times, employed by the MDOC as a registered nurse at RMI and was therefore responsible for the care, custody and protection of individuals, including Mr. WHITLEY, and protecting them from unlawful treatment.

13.     Defendant, AUDRIANNA WILLIAMS (hereinafter sometimes referred to as "WILLIAMS"), was, at all relevant times, employed by the MDOC as a registered nurse at RMI and was therefore responsible for the care, custody and protection of individuals, including Mr. WHITLEY, and protecting them from unlawful treatment.

14.     Defendant, DARNELL JOHNSON (hereinafter sometimes referred to as "JOHNSON"), was, at all relevant times, employed by the MDOC as a corrections officer at RMI and was therefore responsible for the care, custody and protection of individuals, including WHITLEY, and protecting them from unlawful treatment.

15.     Defendant, JEREMY RYKSE (hereinafter sometimes referred to as "RYKSE"), was, at all relevant times, employed by the MDOC as a corrections officer at RMI and was therefore responsible for the care, custody and protection of individuals, including WHITLEY, and protecting them from unlawful treatment.

16.     Defendant, CORRECTIONAL OFFICER STOKES (hereinafter sometimes referred to as "STOKES"), was, at all relevant times, employed by the MDOC as a corrections officer at RMI and was therefore responsible for the care, custody and protection of individuals, including WHITLEY, and protecting them from unlawful treatment.

17.     That based upon information and belief, Defendants SKIPPER, WHITINGER, LELAND, WILLIAMS, JOHNSON, RYKSE, and STOKES were at all relevant and material times employed by MDOC and/or were working in the course of their employment with MDOC at Michigan Reformatory in Ionia, Michigan.

18.     At the time of the events alleged in this Complaint occurred, Defendants SKIPPER, WHITINGER, LELAND, WILLIAMS, JOHNSON, RYKSE, and STOKES were acting within the scope of their employment and under color of authority as duly appointed officers, agents and employees of MDOC.

5

**FACTUAL ALLEGATIONS REGARDING THE DEATH OF DANIEL WHITLEY**

19. Plaintiff incorporates by reference paragraphs 1 through 18 of her Complaint as if fully set forth hereunder and further states:

20. Plaintiff's decedent, Daniel Whitley, was born on February 17, 1982, and he was 36 years old at the time of the incident giving rise to this claim.

21. Plaintiff, EDNA WHITLEY, was Mr. WHITLEY's mother.

22. On or about November 15, 2018, Mr. WHITLEY was transferred to Michigan Reformatory in Ionia, Michigan, where he was housed until his tragic death on December 7, 2018.

23. Mr. WHITLEY was scheduled to be released in August 2019.

24. Prior to his death, Mr. WHITLEY suffered from mental illness for which he was prescribed medication, received psychiatric care, and/or other mental health treatment.

25. At or around the time that Mr. WHITLEY was incarcerated at the RMI, Defendants were provided with a MDOC Transfer Order, and/or such other applicable MDOC rule, which, pursuant to policy, based upon information and belief, has to accompany the prisoner to reception at RMI, and which notified the RMI of Mr. WHITLEY's program information, Special Problem Offender Notices (SPONs), special handling (including but not limited to medical conditions and accommodations), and any other pertinent information regarding any other special precautions. This information is reviewed by officials to identify any SPONS, medical, or mental health needs before a prisoner is transferred.

6

26.     Based upon information and belief, Defendants were aware of Mr. WHITLEY's medical conditions and medical treatment, including but not limited to that Mr. WHITLEY was on prescription medication and was getting psychiatric treatment.

27.     Prior to his suicide death, Defendants were aware that Mr. WHITLEY was at a high risk for a suicide attempt yet ignored this condition and failed to take adequate steps to address the risk, including but not limited to proper supervision, intervention, protective measures, and/or treatment.

28.     Mr. WHITLEY was housed in a single-person cell and was left alone without proper supervision in said cell.

29.     Defendants did not properly monitor Mr. WHITLEY closely and based upon information and belief, the only recorded monitoring of the Decedent was in the form of rapid walk-by rounds of his cell, once an hour or less often.

30.     The Decedent, Mr. WHITLEY, communicated to prison officials and/or Defendants that he was going to commit suicide.

31.     In the evening before his tragic death, Mr. WHITLEY placed a handwritten note in the health care box at RMI in which he stated his intentions to hang himself, and otherwise communicated his intention to take his own life.

32.     Despite knowledge of Mr. WHITLEY mental illness and suicide intentions, Defendants failed to properly treat his mental illness and/or take precautionary measures to prevent his tragic death.

33.     On December 7, 2018, Defendant JOHNSON was responsible for conducting scheduled rounds in Housing Unit J-2, where Mr. WHITLEY was located. At approximately 9:43 p.m., Defendant JOHNSON found Mr. WHITLEY hanging by his neck from his bed sheet tied to the bars of his cell.

34.     Another handwritten note written by Mr. WHITLEY was left in his cell by Mr. WHITLEY as a suicide note, in addition to the note he had taken to the health care box earlier in the day. This note in his cell was written on the back of a Michigan Department of Corrections First Step Grievance Receipt.

35.     In the MDOC Critical Incident Report, Defendant indicated that the "cause/contributing factors" to Mr. WHITLEY's suicide death as "offender reaction to disciplinary action" demonstrating that they had notice of Mr. WHITLEY's condition.

36.     One of the functions of the MDOC is to organize, train, operate and discipline staff correctional officer personnel in correctional facilities, including the RMI.  The MDOC is also responsible for the development and implementation of policies and procedures for the operation and management of its facilities and its employees. It is further responsible for the care, custody and protection of individuals including Mr. WHITLEY.

37.     Defendants SKIPPER, WHITINGER, LELAND, WILLIAMS, JOHNSON, RYKSE, and CORRECTIONAL OFFICER STOKES, were responsible for the safety and wellbeing of the inmates at Michigan Reformatory on December 7, 2018, when Mr. WHITLEY was left alone as a known suicide risk and committed suicide.

38.     At all times relevant, based upon information and belief, Mr. WHITLEY displayed a disheveled appearance, depressed mood, discouraged attitude, poor reasoning, poor impulse control, poor judgment, and/or poor insight, which Defendants, SKIPPER, WHITINGER, LELAND, WILLIAMS, JOHNSON, RYKSE, and CORRECTIONAL OFFICER STOKES would have noticed, yet disregarded and failed to address his needs accordingly.

39.     At all times relevant, Defendants SKIPPER, WHITINGER, LELAND, WILLIAMS, JOHNSON, RYKSE and CORRECTIONAL OFFICER STOKES deprived Mr. WHITLEY of proper care and attention, despite his known suicide risk.

40.     At all times relevant, Mr. WHITLEY clearly exhibited extreme mental health stressors and suicidal ideation, which Defendants SKIPPER, WHITINGER, LELAND, WILLIAMS, JOHNSON, RYKSE and CORRECTIONAL OFFICER STOKES chose to ignore when leaving him alone and allowing him to commit suicide while under their care.

41.     At all times relevant, based upon information and belief, Mr. WHITLEY openly communicated with Defendants that he was suicidal which Defendants SKIPPER, WHITINGER, LELAND, WILLIAMS, JOHNSON, RYKSE and CORRECTIONAL OFFICER STOKES should have questioned Decedent about his threats to commit suicide, sought a mental health assessment, relocated Decedent to better monitor him, removed items from his cell including but not limited to his bed sheets, and/or taken other precautionary actions.

42.     Specifically, MDOC's policy including but not limited to Policy Directive ("PD") 04.06.183 (L), and/or such other applicable MDOC rule, states: "When a mental health emergency is suspected, custody staff shall place the prisoner in an observation room, or its reasonable equivalent in safety restrictions where an observation room is not available, e.g. in the Camp Program. Necessary precautions shall be taken to prevent him/her from engaging in behavior which is injurious to self, others, or property in accordance with PD 04.05.112, Managing Disruptive Prisoners and PD 04.06.115, Suicide Prevention", and/or such other applicable MDOC rule.

43.     Defendants SKIPPER, WHITINGER, LELAND, WILLIAMS, JOHNSON, RYKSE, and CORRECTIONAL OFFICER STOKES deliberately ignored, disregarded, and/or callously refrained from addressing and/or treating Mr. WHITLEY's known serious and psychological needs.

44.     Defendants SKIPPER, WHITINGER, LELAND, WILLIAMS, JOHNSON, RYKSE, and CORRECTIONAL OFFICER STOKES had a constitutional duty to help, assist and/or treat Mr. WHITLEY for his deteriorating mental illness and/or to refer him to hospitalization as they had actual notice of Mr. WHITLEY's dire medical condition.

45.     At all times relevant, Defendants SKIPPER, WHITINGER, LELAND, WILLIAMS, JOHNSON, RYKSE, and CORRECTIONAL OFFICER STOKES completely failed to obtain the necessary help and/or treatment for Mr. WHITLEY, despite his obvious need for treatment.

46. At all times relevant, Defendants SKIPPER, WHITINGER, LELAND, WILLIAMS, JOHNSON, RYKSE, and CORRECTIONAL OFFICER STOKES could have and should have provided Mr. WHITLEY with treatment and care required for inmates with known suicidal ideation and his life could have and should have been preserved.

47. Mr. WHITLEY suffered mental pain and suffering before he ultimately succumbed to his suicidal ideation and/or the effects thereof due to Defendants SKIPPER, WHITINGER, LELAND, WILLIAMS, JOHNSON, RYKSE, and CORRECTIONAL OFFICER STOKES' deliberate indifference to his serious medical needs.

## COUNT I - 42 U.S.C. § 1983 CONSTITUTIONAL DEPRIVATIONS INCLUDING EIGHTH AND FOURTEENTH AMENDMENT VIOLATIONS

48. Plaintiff incorporates by reference paragraphs 1 through 47 of her Complaint as if fully set forth hereunder and further states:

49. Defendants are persons within the meaning of the term under 42 U.S.C. Section 1983.

50. At all times relevant, Defendants were acting within the course and scope of their employment with the State of Michigan and the Michigan Department of Corrections and/or Michigan Reformatory and were acting under color of state law with the authority granted to them as correctional officers, correctional health care providers, sergeants, lieutenant, and/or Warden.

51.    Plaintiff's decedent, Mr. WHITLEY, was entitled to all rights, privileges, and immunities afforded to all incarcerated citizens of the State of Michigan and the United States of America.

52.    Mr. WHITLEY was entitled to constitutionally protected rights as a citizen of the United States of America, such as a right to personal safety and right to medical care and protection encompassed in the substantive component of the Due Process Clause of the Fourteenth Amendment

53.    As an incarcerated prisoner in RMI, Mr. WHITLEY was also owed rights under the Eighth Amendment ensuring protection from cruel and unusual punishment, including the right to have reasonable measures taken to guarantee his safety and to treat his serious medical needs.

54.    Defendants, as Mr. WHITLEY's custodial caretakers, owed him an affirmative duty to secure his constitutionally protected rights identified above.

55.    Defendants, knowing Mr. WHITLEY's medical needs, had a duty under state law, to instruct, supervise, train, direct, and conduct themselves and/or their employees to assure the delivery of medical care and supervision to Mr. WHITLEY that is consistent with his health and safety and which avoided the unreasonable risk of severe harm to him.

56.    At all relevant times, Mr. WHITLEY had a right to adequate and sufficient mental health care and/or treatment such that his life would be preserved and he at all times would be free from needless unjustified and preventable suffering and deterioration of his mental health and well-being.

57.     The acts and omissions attributable to the Defendants under 42 U.S.C. §1983 were unreasonable and performed knowingly, deliberately, intentionally, maliciously, with gross negligence, callousness, and/or reckless indifference to Mr. WHITLEY'S well-being and/or Mr. WHITLEY's safety, with wanton intent for Mr. WHITLEY to suffer the unnecessary and intentional infliction of pain, failure to obtain timely medical treatment, and failure to properly train, supervise, develop and implement policies providing adequate medical and psychiatric treatment to a prisoner and by reason of which Plaintiff is entitled to compensatory and punitive damages.

58.     The conduct of the Defendants, individually and/or as agents of the State of Michigan, deprived Plaintiff's decedent, Mr. WHITLEY, of his clearly established rights, privileges and immunities in violation of the Eighth and Fourteenth Amendments of the United States Constitution and of 42 U.S.C. §1983.

59.     The conduct of the Defendants, individually and/or as agents of the State of Michigan, exhibited a deliberate indifference by intentional acts and omissions and otherwise grossly negligent behavior so as to breach Mr. WHITLEY's right to basic safety and causing constitutional deprivation of his individual rights.

60.     Defendants not only breached this duty but also acted, under color of law, with gross negligence and deliberate indifference to Mr. WHITLEY's safety, protection and medical needs by:

A.      Failing to properly render the proper medical attention to a prisoner who was diagnosed and generally recognized as mentally ill in violation of MDOC Policy Directive 03.03.130 and/or such other applicable MDOC rule;

B.      Failing to properly train correction officers in the evaluation of whether an prisoner needs medical treatment in violation of MDOC Policy Directive 04.06.115 and/or such other applicable MDOC rule;

C.      Failing to provide the decedent with appropriate supervision given his medical needs and suicidal ideation;

D.      Failing to implement procedures necessary to effectively enforce requirements set forth in MDOC Policy Directive 04.06.115 and/or such other applicable MDOC rule;

E.      Failing to properly address the decedent's immediate suicide risk and recklessly disregarding decedent's medical and mental health history, decedent's Mental Health Management Plan, and suicidal ideations, MDOC Policy Directives 04.06.115 and 04.06.183, and/or such other applicable MDOC rule, and the decedent's health and safety;

F.      Failing to promptly respond to the decedent's recognizable medical emergency in reckless disregard and deliberate indifference to decedent's health and safety and in violation of MDOC Policy Directive 03.04.125 and/or such other applicable MDOC rule;

G.      Failing to place the decedent in a safe environment so that he could not harm himself or others in violation of MDOC Policy Directive 04.06.183 and/or such other applicable MDOC rule;

H.      Failing to properly supervise decedent throughout the evening and night of December 7, 2018, knowing the risk decedent posed to himself;

I.      Acting or failing to act in other ways to expose Plaintiff's decedent to a known, extreme risk to his health and safety that may or will become known during discovery, which Plaintiff reserves the right to add at a later date.

61.      As a direct and proximate result of the aforementioned conduct and omissions of Defendants, individually and/or as agents of the State of Michigan, Plaintiff's decedent, Mr. WHITLEY, was deprived of his constitutionally protected rights as described above and suffered severe and permanent brain injuries, pain and suffering, economic damages, and his death.

62.      As a direct and proximate result of the aforementioned conduct and omissions of Defendants, individually and/or as agents of the State of Michigan, the Estate has sustained and is entitled to compensation for conscious pain and suffering of the deceased, funeral and burial expenses, damages for the loss of financial support and loss of society and companionship of the decreased.

63.      Mr. WHITLEY is survived by one or more persons eligible to recover damages under the Wrongful Death Act.

15

64.     Defendants, through their aforementioned actions and/or omissions, have deprived the Decedent, Mr. WHITLEY, of the rights secured by the Eighth and Fourteenth Amendment of the United States Constitution.

WHEREFORE, Plaintiff, EDNA WHITLEY, as Personal Representative for DANIEL JOSEPH WHITLEY, respectfully requests that this Honorable Court enter judgment in her favor and against Defendants in an amount consistent with the damages she sustained to which she is deemed to be entitled, together with interest, costs and attorney fees.

Further, Plaintiff prays for exemplary, punitive and/or treble damages and attorney fees as provided under 42 U.S.C. § 1983.

## COUNT II – FAILURE TO TRAIN, INADEQUATE POLICIES AND/OR PROCEDURES, CUSTOMS AND PRACTICES AND FAILURE TO SUPERVISE DELIBERATE INDIFFERENCE AGAINST DEFENDANT MICHIGAN DEPARTMENT OF CORRECTIONS

65.     Plaintiff incorporates by reference paragraphs 1 through 64 of her Complaint as if fully set forth hereunder and further states:

66.     Pursuant to 42 USC § 1983, as well as the Fourth and Fourteenth Amendments to the United States Constitution, Defendant MDOC owed Mr. WHITLEY certain duties to properly supervise, monitor and train its correctional officers and staff so as to monitor and supervise the jail's prisoners so that they would detect serious medical conditions and facilitate prompt and immediate medical attention and/or transport to a hospital and/or medical facility.

67.     That Defendant, in its representative and official capacity, has maintained a custom and policy of improper training and supervision of its employees. Defendant is not protected by governmental immunity when following a policy that deprives individuals of their constitutional rights. *Monell v N.Y. City Dep't of Soc. Servs.*, 436 658, 690-91, 692 (1978).

68.     Defendant MDOC, was aware of previous incidents where individuals who were incarcerated at the RMI were not afforded proper medical treatment, specifically as to mental health referrals and observations.

69.     Defendant MDOC was aware of the custom and practice of corrections officers/wardens, deputy wardens and/or staff ignoring suicidal ideation statements.

70.     Defendant MDOC owed Mr. WHITLEY numerous duties and obligations, including but not limited to:

    A.      To use due care and caution;

    B.      To adequately and properly create and promulgate guidelines and policies that comply with the requirements of 42 U.S.C. § 1983 regarding the incarceration of prisoners and the supervision of prisoners, especially those who are mentally and emotionally and physically unstable and especially those who are diagnosed as having psychiatric or psychological problems;

    C.      To adequately and properly create and promulgate guidelines and policies that comply with the requirements of 42 U.S.C. § 1983 regarding the incarceration of prisoners who have threatened self-injury or suicide to insure that

MDOC staff personnel can immediately and appropriately respond and take action when a prisoner is in distress and has threatened self-injury or suicide;

D.     To adequately and properly train and supervise correction officers and employees of the RMI under their supervision on the proper method of supervising prisoners and providing for their medical needs and on effectively controlling prisoners who have or are suspected to have psychological or psychiatric problems;

E.     To avoid hiring or selecting individuals who it knows or should know are incapable of performing their responsibilities or who are likely to misuse or abuse the power conferred on them as employees of the RMI.

71.     MDOC breached these duties via its policies, procedures, regulations, customs and/or lack of training and thus exhibited a reckless indifference toward its prisoners, and Mr. WHITLEY specifically, in the following ways, including but not limited to:

A.     Failure to staff the jail with competent medical personnel so that a mental health professional would care, assess, and supervise prisoners who have serious medical needs;

B.     Failure to monitor their correctional officers, medical personnel and/or other prison personnel to ensure that they adequately monitor and supervise prisoners who have serious medical needs;

18

C.     Failure to have proper policies, procedures, and training to deal with prisoners in the observation cell and ensure that the policies and/or procedures are followed, including but not limited to:

i.     serial examinations by competent and licensed medical and mental health personnel including but not limited to Resident Nurses, Psychologists, and/or Doctors;

ii.     timely and adequate rounds conducted by correctional officers and/or other prison personnel and record their observations of the prisoners every 15 minutes as required by their own policies and/or procedures;

D.     Failure to require that an RN, Doctor or Mental Health Professional perform a full and complete examination of a prison held in a medical observation cell, at least once per day;

E.     Failure to have proper policies and procedures in place to deal with jail overcrowding in the high observation units of the facility;

F.     Failure to have proper policies and procedures, and training to deal with prisoners who have threatened self-injury or suicide to insure that MDOC staff personnel can immediately and appropriately respond and take action when a prisoner is in distress and has threatened self-injury or suicide;

G.     Failure to fully investigate and discipline its correctional officers, prison personnel, and/or medical/mental health personnel who do not abide by its policies and procedures relative to providing medical care for serious conditions;

19

H.      Acting or failing to act in other ways to expose Plaintiff's decedent to

a known, extreme risk to his health and safety that may or will become known during

discovery, which Plaintiff reserves the right to add at a later date.

72.     Defendant MDOC trained their officials and/or employees and agents in such

a reckless and grossly negligent matter, that it was inevitable that the officials would place

a suicidal prisoner in a place where he would not be supervised when it was obvious that

such a prisoner needed constant supervision. Defendant repeated and acquiesced in the

continued practice of not placing potentially suicidal prisoners, such as Mr. WHITLEY,

under close supervision and acquiesced in the repeated and continued practice of not

adequately treating suicidal prisoners in obvious need of treatment.

73.     The failure of the Defendant MDOC to provide training and supervision

regarding the prevention of suicides amounts to deliberate indifference to the safety and

lives of the prisoners of the RMI and particularly Mr. WHITLEY.

74.     Defendant MDOC knew or in the exercise of reasonable care should have

known that individual prison officials had engaged in misconduct and other violations of

the constitutional rights of prison prisoners at the RMI, more specifically of Mr.

WHITLEY.

75.     Despite knowledge of its aforesaid pattern and practice, the Defendant failed

to properly investigate the improper practices and to supervise and train the prison officials

at the MDOC.

20

76.    Defendant MDOC developed a "hands off" policy or custom with regard to the omissions of individual prison officials which encouraged the individual officials to believe they could violate the constitutional rights of Mr. WHITLEY with the explicit or tacit approval of the Defendant herein.

77.    As a direct and proximate result of the above cited violations of Mr. WHITLEY's civil rights by Defendant MDOC, Mr. WHITLEY died and thus his estate, through Plaintiff EDNA WHITLEY, has and will continue to suffer damages in the future, including, but not limited to: pain and suffering of the deceased, funeral and burial expenses, damages for the loss of financial support and loss of society and companionship of the deceased, compensatory and punitive damages, and any and all other damages otherwise recoverable under U.S.C. § 1983 and § 1988.

WHEREFORE, Plaintiff, EDNA WHITLEY, as Personal Representative for DANIEL JOSEPH WHITLEY, respectfully requests that this Honorable Court enter judgment in her favor and against Defendants in an amount consistent with the damages she sustained to which she is deemed to be entitled, together with interest, costs and attorney fees.

Further, Plaintiff prays for exemplary, punitive and/or treble damages and attorney fees as provided under 42 U.S.C. § 1983.

## COUNT III - AMERICANS WITH DISABILITIES ACT (ADA) VIOLATION – FAILURE TO ACCOMMODATE

78.     Plaintiff incorporates by reference paragraphs 1 through 77 of her Complaint as if fully set forth hereunder and further states:

79.     At all times relevant hereto, Plaintiff's decedent, Mr. WHITLEY, was an individual and Defendant MDOC was a public service within the meaning of the Americans with Disabilities Act ("ADA"), being 42 USC §12131, et seq.

80.     At all times relevant hereto, Mr. WHITLEY was a person with a disability in accordance with the ADA.

81.     Mr. WHITLEY was an individual with a disability in accordance with the ADA, in that he had a mental impairment that substantially limited one or more of his major life activities.

82.     Mr. WHITLEY's disability was a major depressive disorder, suicidal ideation, and other psychological disorders.

83.     At all times relevant hereto, Defendants had a duty under the ADA to accommodate Mr. WHITLEY unless the accommodation would impose an undue hardship. Defendants' duty to accommodate Mr. WHITLEY includes, but is not limited to, providing him with ongoing adequate medical and mental health care, and when he threatened to commit suicide, transferring him to a safe location, properly supervising and monitoring him, and providing him with a suicide prevention vest upon request.

84.     At all times relevant hereto, Defendants could have accommodated Mr. WHITLEY's disability without suffering an undue hardship.

85.     As a direct and proximate result of Defendants' disability discrimination, Mr. WHITLEY has suffered mental anguish, emotional distress, outrage, fear of impeding death, death, and all other damages or consequences related to the incidents set forth above.

WHEREFORE, Plaintiff, EDNA WHITLEY, as Personal Representative for DANIEL JOSEPH WHITLEY, respectfully requests that this Honorable Court enter judgment in her favor and against Defendants in an amount consistent with the damages she sustained to which she is deemed to be entitled, together with interest, costs and attorney fees.

Further, Plaintiff prays for exemplary, punitive and/or treble damages and attorney fees as provided under 42 U.S.C. § 1983.

Respectfully submitted,

ROTHSTEIN LAW GROUP PLC


/s/ Michael J. Rothstein
MICHAEL J. ROTHSTEIN (P70240)
Attorney for Plaintiff
19068 W. Ten Mile Road
Southfield, MI  48075-2401
Dated: August 26, 2021          (248) 355-2048

# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT MICHIGAN
### SOUTHERN DIVISION

EDNA WHITLEY, as Personal Representative
of the Estate of DANIEL JOSEPH WHITLEY,
Deceased,

      Plaintiff,

v.

MICHIGAN DEPARTMENT OF
CORRECTIONS, GREGORY SKIPPER,
GEORGE WHITINGER, JAMES LELAND,
AUDRIANNA WILLIAMS, DARNELL
JOHNSON, JEREMY RYKSE, and
CORRECTIONAL OFFICER STOKES,

      Defendants.

CASE NO. 1:21-cv -

HON.

***DEMAND FOR JURY TRIAL***

---

LAWRENCE R. ROTHSTEIN (P19697)
MICHAEL J. ROTHSTEIN (P70240)
P. DAVID PALMIERE (P26796)
ROTHSTEIN LAW GROUP PLC
Attorneys for Plaintiff
19068 W. Ten Mile Road
Southfield, MI 48075
(248) 355-2048 / (248) 355-2079 *fax*
lrr@rothsteinlawgroup.com
mjr@rothsteinlawgroup.com
dpalmiere@rothsteinlawgroup.com

---

24

## **DEMAND FOR JURY TRIAL**

NOW COMES Plaintiff herein, by and through her attorneys, ROTHSTEIN LAW

GROUP PLC, and hereby demands a trial by jury as to any and all issues so triable in the

captioned matter.

Respectfully submitted,

ROTHSTEIN LAW GROUP PLC

/s/ Michael J. Rothstein
MICHAEL J. ROTHSTEIN (P70240)
Attorney for Plaintiff
19068 W. Ten Mile Road
Southfield, MI 48075-2401
Dated: August 26, 2021 (248) 355-2048