UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

EDNA WHITLEY, in her capacity as the
Personal Representative of the Estate of
DANIEL JOSEPH WHITLEY,

      Plaintiff,

                                  Case No. 1:22-cv-448

v.

                                  Hon. Hala Y. Jarbou

MICHIGAN DEPARTMENT OF
CORRECTIONS, et al.,

      Defendants.

_____/

## ORDER

Plaintiff Edna Whitley asserts claims against the Michigan Department of Corrections ("MDOC") and various MDOC officials due to the death of her son, Daniel Whitley ("Whitley"), who committed suicide while incarcerated with the MDOC at the Michigan Reformatory ("RMI"). Count I of the complaint asserts that several MDOC employees at RMI were deliberately indifferent to Whitley's medical needs and his safety, in violation of the Eighth and Fourteenth Amendments. Count II asserts that the MDOC was deliberately indifferent to Whitley's needs by failing to train and supervise its employees, in violation of the Eighth and Fourteenth Amendments. Count III asserts that Defendants failed to accommodate Whitley, in violation of the Americans with Disabilities Act ("ADA"), by not providing him with adequate medical and mental health care and a safe environment.

Defendants moved to dismiss the complaint.  On August 8, 2022, Magistrate Judge Sally J. Berens issued a Report and Recommendation (R&R) recommending that the Court grant Defendants' motion.  (R&R, ECF No. 28.)  Before the Court are Plaintiff's objections to the R&R.

(Pl.'s Objections, ECF No. 29.)  For the reasons herein, the Court will overrule the objections, adopt the R&R in part, and dismiss the case.

Under 28 U.S.C. § 636(b)(1) and Rule 72 of the Federal Rules of Civil Procedure, the Court must conduct de novo review of those portions of the R&R to which objections have been made. Specifically, the Rules provide that:

> The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions.

Fed. R. Civ. P. 72(b)(3).

### A. Count I – Eighth Amendment Claim (Individual Defendants)

Plaintiff sues the following group of employees at RMI:  Warden Gregory Skipper; Lieutenant George Whitinger; Registered Nurses James Leland and Audrianna Williams; and Officers Darnell Johnson, (unknown) Stokes, and Jeremy Rykse.  Judging from their job titles, these defendants occupy different positions with different levels of authority and responsibility. Yet Plaintiff groups all of them together in the allegations supporting her claims.  For instance, Plaintiff alleges that *all* of these defendants (1) were responsible for Whitley's safety on the day he died, (2) knew about his medical needs, including his need for psychiatric treatment and medication, (3) knew that Whitley had "communicated to prison officials and/or Defendants that he was going to commit suicide"; (4) noticed that Whitley "displayed a disheveled appearance, depressed mood, discouraged attitude, poor reasoning, poor impulse control, poor judgment, and/or poor insight"; and (5) chose to leave him alone in a prison cell without taking adequate precautions, such as monitoring him more closely and removing his bedsheets from his cell.  (*See* Compl. ¶¶ 26, 30, 38, ECF No. 1.)

The magistrate judge determined that Count I against the individual defendants in their official capacities is barred by the Eleventh Amendment.  Plaintiff does not object to this determination.

As to the claim against these defendants in their personal capacities, the magistrate judge correctly concluded that Plaintiff's allegations were deficient because they failed to plead personal involvement by each defendant in the constitutional violation asserted.  Plaintiff argues in her objections that this Court is required to accept her allegations as true and draw all reasonable inferences in her favor.  Even so, Plaintiff's skeletal allegations do not permit a reasonable inference that any particular individual defendant was deliberately indifferent to Whitley's needs.  For instance, it is not clear how any of the foregoing defendants would have had the knowledge about Whitley that Plaintiff attributes to all of them.

The Court of Appeals has repeatedly affirmed the dismissal of complaints like Plaintiff's, which lump a group of defendants together under generic allegations that fail to distinguish the conduct of each member of the group.  *See, e.g.*, *Boxill v. O'Grady*, 935 F.3d 510, 518 (6th Cir. 2019) ("Summary reference to a single, five-headed 'Defendants' does not support a reasonable inference that *each* Defendant is liable for retaliation."); *Reilly v. Vadlamundi*, 630 F.3d 617, 626 (6th Cir. 2012) ("Plaintiff must state a plausible constitutional violation against each individual defendant—the collective acts of defendants cannot be ascribed to each individual defendant."); *Bojicic v. DeWine*, No. 21-4123, 2022 WL 3585636, at *2 (6th Cir. Aug. 22, 2022) ("[T]he complaint never identifies any specific action taken by any specific Defendant at all.  Instead, the Plaintiffs lump the various Defendants together in a variety of vague, conclusory allegations.").  Such allegations are defective because they "fail[] to place individual defendants on notice of their

3

liability." *Robertson v. Univ. of Akron Sch. of Law*, No. 21-3768, 2022 WL 1836922, at *3 (6th Cir. June 3, 2022).

Plaintiff insists that the Court "must assume" that Defendants "knew about and deliberately disregarded" a risk to Whitley's safety because there were "repeated attempts to notify prison officials about [his] conditions." (Pl's Objections 10 (quoting *Brown v. Bargery*, 207 F.3d 863, 868 (6th Cir. 2000).)  Here, Plaintiff is apparently referring to the fact that Whitley allegedly left a suicide note in the prison's "health care box" and left a similar note in his cell shortly before he committed suicide. (Compl. ¶¶ 31, 34.)  Plaintiff also alleges that Whitley "openly communicated" with all Defendants that he was "suicidal." (*Id.* ¶ 41.)  However, *Bargery* does not hold that whenever a prisoner *attempts* to notify prison officials of a serious risk of harm on more than one occasion, then the Court must assume that all prison officials named in a subsequent lawsuit about the issue were aware of and deliberately disregarded that risk.  In *Bargery*, the prison officials were aware of the dangerous cell conditions at issue because the prisoner filed a grievance about them with the "prison's review committee," and several prison officials responded to that grievance. *Bargery*, 207 F.3d at 865.  Also, the conditions existed in several housing units at the prison. *Id.* at 868.  In those circumstances, as well as others that the prisoner may have alleged in his complaint, it was reasonable to infer that the defendants (including the warden) were aware of the risk of harm.  Plaintiff has not provided similar allegations here.  She does not allege which, if any, Defendants were aware of Whitley's notes before his death.  Nor does she allege when or how Whitley communicated with Defendants in some other manner.  It cannot be the case that mere attempts to notify prison officials of a serious need through written notes is, by itself, sufficient to satisfy the subjective component of a deliberate indifference claim, particularly where there are no facts from which to infer that a Defendant was aware of those notes.  Furthermore, Plaintiff's

vague reference to communications by Whitley about suicidal thoughts, with no further description

of the content, context, or timing of those communications, does not provide sufficient notice to

Defendants of the deliberate indifference claims against each of them.  Thus, the Court agrees that

Plaintiff does not state an Eighth Amendment claim.

### B. Count II - Eighth Amendment Claim (MDOC)

The magistrate judge correctly concluded that the MDOC is immune from suit for

Plaintiff's claim in Count II.  Plaintiff does not object to this aspect of the R&R.

### C. Count III - ADA Claim

"Title II of the ADA provides, in pertinent part, that no qualified individual with a disability

shall, because of that disability, 'be denied the benefits of the services, programs, or activities of a

public entity, or be subjected to discrimination by any such entity.'"  *Mingus v. Butler*, 591 F.3d

474, 481-82 (6th Cir. 2010) (quoting 42 U.S.C. § 12132).  The magistrate judge concluded that

Plaintiff does not state an ADA claim because the thrust of her complaint is that Defendants failed

to provide adequate treatment and care for Whitley that would have prevented him from

committing suicide.  Plaintiff fails to allege facts from which to infer that Defendants denied

Whitley treatment or care or otherwise discriminated against him *because of a disability*.

In her objections, Plaintiff asserts that her allegations are sufficient to demonstrate a failure

to *accommodate* Whitley to protect his "right to access . . . services."  (Pl.'s Objections 21.)  But

Plaintiff does not indicate the "services" that Whitley could not access or the accommodations

necessary to do so.  The ADA is not violated "'by a prison's simply failing to attend to the medical

needs of its disabled prisoners,'" which is what Plaintiff alleges here.  *Centaurs v. Haslam*, No.

14-5348, 2014 WL 12972238, at *1 (6th Cir. Oct. 2, 2014)  (quoting *Bryant v. Madigan*, 84 F.3d

246, 249 (7th Cir. 1996)); *accord Cannon v. Eleby*, No. 98-1546, 1999 WL 507006, at *1 (6th Cir.

June 10, 1999) ("[M]ere allegations of inadequate medical care do not raise a viable discrimination

claim."). Put another way, the ADA does not provide a cause of action to challenge the adequacy of the treatment of disabilities. Accordingly, Plaintiff fails to state an ADA claim.

### D. Gross Negligence Claim

Plaintiff alludes to a possible gross negligence claim in her complaint. The magistrate judge recommends that, to the extent such a claim is asserted, the Court exercise supplemental jurisdiction over this claim and dismiss it on grounds of governmental immunity. Instead, the Court will decline to exercise its supplemental jurisdiction over this claim under 28 U.S.C. § 1367(c)(3), which is ordinarily appropriate where the Court has dismissed all claims over which it has original jurisdiction. *See Moon v. Harrison Piping Supply*, 465 F.3d 719, 728 (6th Cir. 2006).

### E. Amendment of Complaint

In her response to Defendants' motion to dismiss, Plaintiff asked the Court to deny Defendants' motion, or in the alternative, give her "an opportunity to amend any deficiencies in her pleadings." (Pl.'s Resp. Br. 2, ECF No. 26.) The magistrate judged noted that Plaintiff's response brief was not a motion; thus, it was not the proper method for seeking leave to amend her complaint. Also, Plaintiff failed to file a proposed amended complaint as required by the Court's local rules, so the magistrate judge recommended denying Plaintiff's request for leave to amend the complaint.

Plaintiff objects that she was waiting for the Court's ruling on the motion to dismiss before filing a motion to amend. She contends that she will be prejudiced if the Court does not give her leave to amend. However, Plaintiff does not grapple with her failure to comply with the Court's local rules by filing a proposed amended complaint. Even at this stage, Plaintiff has not complied with those rules or identified any proposed amendments to her complaint. Consequently, she fails to demonstrate that "justice so requires" granting leave to amend. *See* Fed. R. Civ. P. 15(a)(2).

6

Relatedly, Plaintiff contends that it is premature to dismiss her complaint without an opportunity for discovery to supplement her claims.  However, the magistrate judge correctly noted that discovery is appropriate only when the complaint states a viable claim (over which the Court has jurisdiction), which is not the case here.

In summary, Plaintiff's objections are meritless.  Accordingly,

**IT IS ORDERED** that the R&R (ECF No. 28) is **APPROVED** and **ADOPTED IN PART** as the opinion of the Court.  The following parts are not adopted:  Section III.D (addressing the gross negligence claim) and the recommendation in Section IV to dismiss Plaintiff's complaint *with prejudice*.[1]

**IT IS FURTHER ORDERED** that Defendants' motion to dismiss (ECF No. 23) is **GRANTED** as set forth herein.

**IT IS FURTHER ORDERED** that Counts I and III of the complaint are **DISMISSED** for failure to state a claim.

**IT IS FURTHER ORDERED** that Count II of the complaint is **DISMISSED** because the MDOC is immune from suit in federal court.

**IT IS FURTHER ORDERED** that Plaintiff's gross negligence claim, if any, is **DISMISSED** because the Court declines to exercise supplemental jurisdiction over that claim.

**IT IS FURTHER ORDERED** that Plaintiff's request for leave to amend her complaint is **DENIED**.

---

[1] When a complaint fails to state a claim, the Court has discretion to dismiss it with or without prejudice. *Lipman v. Budish*, 974 F.3d 726, 740 (6th Cir. 2020).  The Court will not dismiss Plaintiff's complaint with prejudice because it is possible that she could allege other facts that would state an Eighth Amendment claim.  Also, dismissals based on sovereign immunity are generally *without* prejudice, as are dismissals of claims over which the Court declines to exercise supplemental jurisdiction.  *See Ernst v. Rising*, 427 F.3d 351, 367 (6th Cir. 2005).

The Court will enter a judgment in accordance with this Order.


Dated: <u>November 10, 2022</u>          <u>/s/ Hala Y. Jarbou</u>
                                       HALA Y. JARBOU
                                       CHIEF UNITED STATES DISTRICT JUDGE